■ In the Matter of CHARLES R. MEURER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [627 NYS2d 587] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, raises a number of objections to the determination finding him guilty of violating certain prison disciplinary rules. He contends, among other things, that the determination is not supported by substantial evidence, that the Hearing Officer exhibited bias and refused to allow him to present evidence at the hearing, and that the punishment imposed was excessive. However, given that the subject determination has been administratively reversed and the references to the disciplinary hearing expunged from petitioner's records since the commencement of this proceeding, we find that the matter is moot and, therefore, do not address the merits of petitioner's claims.

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

■ In the Matter of the Claim of LORNA E. McENANY, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [627 NYS2d 178] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 27, 1994, which, upon reconsideration, adhered to its original decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, an administrative aide, was discharged from her employment after numerous incidents of insubordination and disruptive behavior. The record reveals that despite receiving several warnings as well as a short suspension, claimant continued to make derogatory remarks about her supervisor and to question her authority. In view of this, we find that substantial evidence supports the Board's decision that claimant was terminated for misconduct.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.